UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                    Case No. 22-cr-20412

v.

                                            Hon. Sean F. Cox
D-1    TERRY L. SCOTT,                    United States District Court Judge

    Defendant.
_____/

**MEMORANDUM OPINION & ORDER**
**GRANTING PETITIONER'S SECOND MOTION TO AMEND (ECF No. 48)**

    In this postconviction proceeding, Petitioner Terry Scott moved the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Scott later moved to amend his § 2255 motion, and the Court granted that motion. Scott now moves to amend his § 2255 motion for a second time, and the Court shall grant that motion for the following reasons. The Court shall also order Scott to file an amended § 2255 motion that raises any claims detailed in his initial § 2255 motion and his motions to amend that he wishes to preserve.

    Per Scott's second motion to amend, he seeks to raise § 2255 claims regarding the constitutional sufficiency of his trial counsel's performance and whether his guilty plea in this case was knowing and voluntary. The Government responds that Scott's plea agreement waives his right to bring these § 2255 claims. Thus, the Government effectively argues that the Court should deny Scott's second motion to amend because his new § 2255 claims would be futile. *See Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 737 (6th Cir. 2022) (explaining that "court[s] need not grant a motion to amend when the reason for amendment is improper, 'such as . . . futility of amendment'" (quoting *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018))).

1

Courts will generally enforce plea-agreement waivers of a defendant's right to challenge his or her conviction or sentence under § 2255. *See United States v. Toth*, 668 F.3d 374, 377 (6th Cir. 2012). But here, Scott's plea agreement explicitly states that he "retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as [he] properly raises those claims by collateral review under 28 U.S.C. § 2255." (ECF No. 23, PageID.67). And it would be absurd to enforce a plea-agreement waiver of a defendant's right to litigate § 2255 claims where the defendant argues that such plea agreement was not knowing or voluntary. It follows that Scott's plea agreement does not render his new § 2255 claims futile.

Accordingly, **IT IS ORDERED** that Scott's second motion to amend (ECF No. 48) is **GRANTED**. Scott shall, **on or before May 21, 2025**, file an amended § 2255 motion that articulates any claims he raised in his initial § 2255 motion and his two motions to amend that he wishes to preserve. If Scott does not timely file such amended § 2255 motion, then the Court shall presume that Scott no longer wishes to amend his § 2255 motion and shall rule on his initial § 2255 motion without considering any other claims.[1]

**IT IS FURTHER ORDERED** that if Scott timely files such amended § 2255 motion, then the Government shall file a response to that motion within **ninety days** of the filing of that motion. And Scott shall file any reply brief within **thirty days** of the Government's filing of its response brief to his amended § 2255 motion.

**IT IS SO ORDERED.**

February 20, 2025

s/Sean F. Cox
Sean F. Cox
United States District Judge

---

[1] Scott's filing of an amended § 2255 motion is necessary because he never attached any amended § 2255 motions to his motions to amend. Thus, Scott's initial § 2255 motion is the only motion in the record that is embraced by the Rules Governing § 2255 Cases in the United States District Courts.

2